IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-95-F

SHERIF A. PHILIPS, M.D.,          )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          **O R D E R**
                                  )
NORTH CAROLINA STATE, et al.,     )
                                  )
          Defendants.             )

This matter is before the court on the *pro se* Plaintiff's "Request for Extension and take over my case" [DE-55]. He requests that the court (1) appoint a lawyer to represent him; (2) "take over [his] case and to include all records related to [his] case between federal and state court;" (3) "take over the two motions of NC Rule 59 and 60;" and (4) allow him an extension to file a reply brief.

As to Plaintiff's first request, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (quoting *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)); *see also Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claim do not appear to be exceptionally complex, nor do other exceptional circumstances exist. Furthermore, Plaintiff has demonstrated through the filing

of his complaint and other documents that he is capable of proceeding pro se. Accordingly, his request for appointment of counsel is DENIED.

As to his request that the court "take over" his case, the court cannot discern the precise relief he is seeking. The court will, of course, preside over this civil action. To the extent that Plaintiff seeks any further relief, the request is DENIED. Plaintiff also asks that the court "include all the records related to my case between federal and state court." This court will consider relevant, admissible evidence filed by any of the parties at the appropriate time. To the extent that Plaintiff seeks any additional relief in this regard, the request is DENIED.

Plaintiff requests that the court "take over the two motions of NC Rule 59 and 60." To the extent that Plaintiff is asking the court to rule on motions he has filed in North Carolina state court in another action, the court is without jurisdiction to do so and the request is DENIED.

Finally, Plaintiff seeks an unspecified amount of time to file a "reply." The court believes he is seeking an extension of time to file a response to the many motions to dismiss that are pending. In the court's discretion, Plaintiff has until **August 15, 2015,** to file his response(s) to the currently pending motions to dismiss.

SO ORDERED. This the $\underline{15}$ day of July, 2015.

James C. Fox
Senior United States District Judge