Sherif A Philips, MD
1406 North Marine Corps Drive
Upper Tumon, GU
96913

FILED

NOV 15 2021

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY __MUB__ DEP CLK

# In The District Court Of North Carolina

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL ACTION NO: 5 : 15 - CV- 95- F

**Sherif Antoun Philips, MD**

*PLAINTIFF*

V.

**Pitt County Memorial Hospital, Inc**

**Paul Bolin, Ralph Wheatley,**

**David Creech And Jay Salsman**

*DEFENDANTS*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Motion & Petition**

**For Transfer & Consolidation To The United State District**

**Court of North Carolina**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Your Honor Chief United States District Judge Richard E. Myers II

*Hereby given that Plaintiff-Appellant Sherif A Philips , MD filed for Petition & Motion*

*For Transfer & Consolidation at The United States District Court Of North Carolina.*

*Circuit Court of Appeal. ( Philips v. State North Carolina etc Case No 16 : 1119 ( 4th Cir.) )*

*Appellant request Transfer all of the records of the 9th Cir. ; Guam District Court ;*

*Guam Superior Court and Guam Supreme Court.*

*9th Cir. Case No 19-17313 - Guam District Court No 1: 18- cv- 00046- Guam Supreme*

*Court No CVA 20-002; No CVA 20016 Guam Superior Court case No CV 0478-18*

*The Ninth Circuit dismissed the appellant appeal just on lacking personal jurisdiction*

*and unrecognized transfer ( NOT ON THE MERIT Of The APPEAL ).*

*The appellant- Plaintiff was asking for Motion - Petetion to transfer and consolidate*

*( Philips v. State Of North Carolina etc. case No 5: 15 -CV - 95 - F )*

## STATEMENT OF JURISDICTION

This Court has *personal jurisdiction over defendants -Appellee.*

*Appellant pursuant his petition to 28 U.S.C & 1404 ( a ) and 28 U.S.C & 1406 ( a )*

*No cause, proceeding or appeal should be dismissed, rejected, or thrown out solely*

*because - brought in or taken to the wrong court of the wrong venue. But if there is*

*one where it may be brought or prosecuted it should be transferred thereto and*

*go on there , all prior proceedings being saved.*

*Also Appellant pursuant to 28 U.S.C Section 1407, Rule 42 ( a ) For Consolidation.*

*The appellant appeal was dismissed on lack of Jurisdiction, not Merit.*

*Appellant pursuant to Rooker Feldman Doctrine.*

1

## STATUTORY PROVISION INVOLVED

### *Due Process Of Law. The First Amendment, The Fifth Amendment, Fourteenth Amendment and Title 42 U.S Code & 1983*

## INTRODUCTION AND STATEMENT OF THE CASE

1- On May 21, 2018, Pitt County lawyer tried to implement a disputed North Carolina order at his favorite court ( **_Guam Superior Court )_**_.Prior to the resolution of the plaintiff's North Carolina Appeal._

2-North Carolina order wasn't final and was a disputed legal fee **_where North Carolina rules and regulation ( Guarded legal fees never been followed nor Rule 54 ( 2 ) )_**

3- North Carolina order **_was defaulted judgment was entered without any judicial assessment or trial on The Merit of The Action._**

4- On October 10, 2018, Defendant-Appellant filed for Motion For **_Clarification and Motion For Reconsideration To Review the order prior to enforcing the North Carolina Court order, Pursuant To Section 1008 ( a ) of the California Code of Civil procedure, reply To Summary Judgement Motion, Relief of All orders in violation of the law, Fraud Upon The Court, Grant Relief Under 28 U.S.C § 1655 And Set Aside Judgment for Fraud on the Court._**

5- On December 14, 2018, **_On the evening of the summary judgment motion, Guam Superior Court Denied the defendant's Motion and requested for sanction_**

6- **_As the result of this order, On December 26, 2018, Defendant-Appellant filed a new claims and request to transfer to Guam District Court. pursuant to 28 U.S.C § 1446 (b) ( c ) ( 1 )._**

2

7- On December 28, 2018, Defendant filed for *Motion To Transfer at Guam Superior Court.*

8- On January 2019 Pitt County filed for *Judicial Notice at Guam Superior Court.*

9- As a result of that, Guam superior Court *granted a summary judgment motion and bad judgment on January 24, 2019.*

10- On January 29, 2019, Defendant *filed for Rule 59 and Rule 62 at Guam Superior Court*

11- Guam Superior Court *enforced bad judgment and Levi prior to the ruling of Guam District Court and the resolution of Guam Rule 59.*

12- On November, December 19, 2019, Defendant-Appellant filed for Rule 60 ( b )*, Rule 54 ( 2 ) and Set Aside Motion at Guam Superior Court.*

13- On January 14, 2020, Guam Superior Court *Denied the defendant* motion prior to oral Argument ( No Transcript! )

14- On January 27, 2020, Defendant-Appellant filed for the *First Appeal ( CVA20-002 ) at Guam Supreme Court.*

15- Pitt County local lawyer kept filing *frivolous, malicious, and harassment motion ( subpoena) at his favorite court ( Guam Superior Court ).*

16- Guam Superior court kept scheduled hearings without any agenda try to enforce North Carolina judgment and granted all Motions of Strike to Pitt County lawyer*. And Enforced administration issues just only on the Appellant ( Striking CVR 7.1 Form 1) ( Omitted Citation- Functus Officio- Abuse of Discretion ).*

17- During *one of these hearings ( on June 3rd, 2020 )*, Defendant got by surprise that the local RSA Lawyer was discussing *The interpleader Motion. (* without Appellant approval) It looks to the appellant that *The interpleader was as a side talk with the local RSA LAWYER and the local Pitt County LAWYER without the appellant's knowledge.*

18- On July 7th, 2020, RSA filed for *Complaint About interpleader* at Guan Superior Court.

3

19- On July 13th, 2020 Defendant filed for *a Motion To Transfer,* removing the Interpleader

Action To Guam District Court. pursuant to complete Diversity Jurisdiction and the disputed

the amount is over $ 75,000.

20- Appellant *had no choice to file for the Second appeal at Guam Supreme Court*

*On July 17, 2020 ( CVA20-016 ).*

21-On July 30, 2020, Appellant Sherif A. Philips, MD filed for Motion - Petition

pursuant to **28 U.S.C SECTION 1407, Rule 42(a) and 28 U.S.C SECTION 1404 (a)**

(*For Consolidation And Transfer* ) at Guam Superior Court.

22-On July 30, 2020, RSA filed for *Motion For Remand and asking for legal fees and cost*

23- Appellant filed for *Motion To Dismiss instead to reply for Motion For Remand and*

*First Memorandum For Motion To Dismiss* RSA filed for *Motion To Stay* and Appellant

filed for *Motion To Strike Motion To Stay.* The Court granted Motion To Stay

on November 10, 2020.

24- On October 2, 2020. Guam Supreme Court Grant PCMH's Motion To Strike and Grant

Sanction of fees and cost to PCMH.( *Failure to Order Transcript! ) { CVA20-002 }*

25- Appellant Sherif A. Philips, MD was out of the island ( Guam ). Appellant asked

the court for an extension for refilling the opening brief by Email. The appellant was asked to

file a *Motion for an extension. ( Discrimination - Abuse of Discretion)*

26- Motion of extension was granted on October 8, 2020

27- On October 14, 2020, Appellant filed for *Petition for Reconsideration, Consolidation and*

*Relief From Sanction .{ CVA20-002 }*

28- On October 26, 2020, Appellant Filed for *Reply To Opposition To Petition and*

*Request For Sanction*

29- On November 9, 2020, Appellant filed for Amended Opening Brief and Appellant

Supplement expert of record. { CVA20-002 }

4

30- On November 20, 2020, Defendant-Appellant filed for **_Reply To Appellee Motion_**

**_To Strike. { CVA20-002 }_**

31- On November 20, 2020, **_Brief Schedule for Second Appeal { CVA 20-016 }_**

32- On December, 1,2020 Appellant filed for Motion **_To Strike Appellee's Motion_**

**_For Enlargement of Time To File Amended Response Brief.{ CVA20-002 }_**

33- On December 14, 2020, the Guam Supreme Court order **_Dismissed Appellant Appeal_**

**_( Abuse of Discretion - Omitted Citation - Moots) ( Up till now Appellant never been_**

**_served with such order. ) { CVA20-002 }_**

34-On December 14, 2020, Supreme Court order To Show Cause { CVA20-016 }

35- On December 15, 2020, Appellant filed For **_Appellant Motion To Show Cause_**

36-On December 18, 2020, Appellant file for **_Appellant Opening Brief and Appellant_**

**_Supplemental Excerpts of Record { CVA 20-016 }. Appellant asked for the June 3rd_**

**_hearing transcript ( up till now wasn't available )._**

37- On December 22, 2020, Appellant Filed **_For Petition For Reconsideration on_**

**_Dec 14,2020 Order And Petition For Consolidation & Transfer to 9th Circuit { CVA-20-002 )_**

( Appellant never been **_Served_** with such order up till now )

38- On January 4,2021 Pitt County local lawyer filed Motion **_To Dismiss The Appeal; Or_**

**_In The Alternative Motion To Stay Briefing schedule on Appeal { CVA20-016 }_**

39- On January 15, 2021, Pitt County lawyer filed for a 14-day extension for **_Reply Brief by_**

**_An email which was_** accepted by the court ( **_No written motion was requested )_**

**_( CVA 20-016 )_**

40-On January 20, 2021, Guam Supreme Court order for **_Granting Motion To Stay while the_**

**_court consider and determine the Motion To Dismiss. ( Abuse of Discretion)_**

41-On January, 25,2021 Defendant filed **_For First Memorandum of Law For Enforcement of Consolidation & Transfer To 9th Cir Court Of Appeal ( which was docketed on Both 9th cir and Guam Supreme Court )._**

5

42- On Feb 11, 2021 appellant filed for **_Reply to Appellee Opposition For First Memorandum of law For Enforcement of Consolidation & Transfer To 9th Circuit Court Of Appeal ( Docketed in Both Court - 9th Cir and Guam Supreme Court )_**

43- On Feb 26, 2021. Defendant field **_For Proof of Acceptance at 9th cir was docketed at Guam Supreme Court._**

44- On March 30, 2021, Guam District Court **_granted Motion For Remand and legal fees_**

45- On March 31, 2021. Appellant, Sherif A.Philips, MD **_FILED FOR APPEAL AT NINTH CIRCUIT Court of Appeal._**

46- On April 8, 2021, the Appellant received a schedule for the Opening Brief.

47- On April 15, 2021, Appellant received an **_Order from the Ninth Circuit for Dismissing the Appeal. ( order granting the motion to remand this action to Superior Court of Guam for lack of subject jurisdiction is not reviewable.! )_**

48- On April 19, 2021, Appellant filed for **_Motion For Reconsideration and Modification of An Order at the Ninth Circuit. ( which was denied )_**

49- On April 20, 2021, Appellant filed for Rule 59, Rule 60 ( b ), **_and Set Aside Judgment at Guam District Court._**

50- On July 7, 2021, Guam District Court denied all Appellant Motion and granted legal fees and cost

51- Appellant filed for appeal at Ninth Circuit, schedule for the opening briefing was set even The Mediation ( was docketed at Guam Superior Court )

52- On August 6, 2021, The Ninth Circuit denies appeal due to lack of personal Jurisdiction.

6

## ARGUMENT

53- Appellant case was a *Federal Court Case For The Federal Question Jurisdiction ( Due Process, Fifth Amendment, Fourteen Amendment and Title 42 U.S Code & 1983 ), Complete Diversity Jurisdiction And The Disputed Amount over $ 75,000. Appellant is asking for equal protection under the law ( implement the law as prescribed). Appellant was treated in a Discriminatory manner as Being ProSe. Constitutionality of Regulations* is a review de novo

Preminger v. Peake. 552 F3d 757.765 n.7 ( 9th Cir.2008 ); Doe v. Rumsfeld. 435 F.3d 980.984 ( 9th Cir.2006 ); Ganzalez v. Metropolitan Transp Auth.174 F.3d 1016.1018 ( 9th Cir.1999 )

54-*Removal is a question of Federal subject matter jurisdiction* reviewed de novo

( Providence Health Plan v. McDowell 385 F.3d 1168.1171 (9th Cir 2004 ); Schnabel v. Lui. 302 F.3d 1023.1029 ( 9th Cir.2002 ); D-Bean Ltd v. Roller Derby Skates Inc.366 F.3d 972.974n.2 ( 9th Cir.2004 ); Patel v. Del Taco, Inc. 446 F.3d 996,998 ( 9th Cir.2006 ); Nebraska ex rel. Dep't of Soc. Serve v. Bentson 146 F.3d 676 .678 ( 9th Cir.1998 ); Abada v. Charles Schwab Co. 300 F.3d 1112.1117 ( 9th Cir 2002 ); Campbell v. Aerospace Corp. 133 F.3d 1308 1311 ( 9th Cir.1997

55-*Finding OF Fact and Conclusion Of Law* are reviewed for clear error

( Husian v. Olympic Airways. 316 F3d 829,835 ( 9th Cir.2002); Lim v. City of Long Beach.217 F.3d 1050.1054 ( 9th Cir.2000); Phoenix Eng'g & Supply Inc. v. Universal Elec Co. 104 F. 3d 1137. 1140 ( 9th Cir.1997 )

56-A district court's interpretation of the Federal Rules of Civil Procedure is reviewed de novo United State v. 2.164 Watches. 336 F3d 767.770 ( 9th Cir.2004 )

{ a } Appellant filed for undisputed claims of *Fraud Upon the Court and Fraud in the The court on Both United States Supreme Court and United States Court Of Appeal Of the Ninth Circuit. ( A decision produce by Fraud upon the Court is not in essence a decision at all and never becomes final.)*

7

A motion to set aside an enters of ***default judgment and Rule 60 (b) is a review for an abuse of discretion***

( Brandt v. Am. Banker Ins. Co of Florida, 653 F.3d 1108,1110-11(9th Cir.2011); Franchise Holding II v. Huntington Restaurant Group, Inc. 375 F.3d 922,925 ( 9th Cir 2004 ); Brady v. United States, 211F.3d 499,503( 9th Cir.2000); O'Connor v. Nevada, 27 F.3d 357,364 ( 9th Cir.1994 ); Estrada v. Speno & Cohen, 244 F. 3d 1050.1056 ( 9th Cir.2001 )

A default judgment is void for lack of personal jurisdiction is a question of law reviewed de novo ( A.E.C. v. Internet Solution for Bus Inc. 509 F.3d 1161,1165 ( 9th Cir.2007); FDIC v. Aaron Ian,93 F.3d. 636, 639 ( 9th Cir.1996 ); Jeff D. v. Kemp Thorne, 365 F.3d 844 850 ( 9th Cir.2004 ); Dental Serbs. v. Tani 282 F.3d 1164,1167 n. 7 (9th Cir 2002 ); American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104.1109 (9th Cir. 2000 ); United States v. Real Property, 135 F. 3d 1312,1314 ( 9th Cir. 1998 )

- { b } ***Failure To Obtain Substantial Justice at North Carolina Courts ( Federal § State) Lead To File For Such Claims.***

- { c } ***Failure To implicate Healthcare Quality Improvement Act Of 1986 ( HCQIA). Ignorance about rules and regulations to enforce Summary Suspension Physician-Hospital privilege( as corrective action ). intentionally enforced such corrective action to destroy Appellant's carrier and reputation***

- { d } Appellant lost his hospital privileges ***for none professional review issue,*** all the corrective action ***was done by the Board of Trustees*** and neither PCMH nor their physicians are ***State Actors to be awarded absolute immunity.***

- { e } The Appellee's lawyer was asking for his entire legal fee, cost, and paralegal fees for ***One Claims never contended. ( granted by N.C lower court and affirmed by North Carolina Court of Appeal.)***

8

{ f } Appellant, Sherif A. Philips, MD filed for an *appeal of Rule 59 and Rule 60 (b) at Both North Carolina lower Court and North Carolina Court of Appeal ( After 2 years the Appellant's appeal was dismissed in his absence by N.C lower Court ( No Pending Appeal Docketed )( Fraud in The Court )*

{ g } *North Carolina order was a default judgment entered without any judicial assessment or trial on The Merit of the Action.*

{ h } *A decision produced by Fraud Upon The Court is not, in essence, a decision at all and never become final*

{ i } Appellant filed on multiple occasions to consideration a *Recusal of N.C Trial Court Judge. The* Appellant's request was denied. If the judge was asked to *recusal and judge refused.* This is a good example of his appearance of *partiality.*

( Pesnell v. Arsenault ( 9th Cir.2008 ) - Jorgensen v. Cassidy ( 9th Cir. 2003 )

{ j } Should a judge not disqualify himself, **then the judge is violating Due Process.**

{ k } Before the ruling of the North Carolina lower Court, Appellee try to enforce *North Carolina Disputed legal fee at Guam Superior Court ( Favorite Court )*

{ l } North Carolina Court Order wasn't *final and was a disputed legal fee where N.C rules and regulations guarded legal fees never been followed nor Rule 54 ( 2 ). It was a Summary Judgment Motion,* according to *N.C§ 6-21.5* Attorney fees in non -justifiable case *Rule 50 or a Motion of Summary Judgment is not in itself a sufficient reason for the court to award them an attorney's fee.*

{ m } *Abuse of Discretion at Guam Superior Court*

( 1 ) *Even with lack of Jurisdiction over Defendant-Appellant ( Appellant State of Domicile is never been Guam ).* The court denied the *motion to dismiss, counterclaims, the request of hearing Rule 59 and Rule 60 (b)*.

9

( 2 ) The trial court *claimed* in her order for *Rule 60 (b)* that the court was *willing to review* the North Carolina order before enforcement by filing a separate motion or during a *summary Judgment motion.* Appellant followed the trial court recommendation.

( 3 ) Denial, *Appellant's Motion* for clarification, and motion for reconsideration to review the order prior to enforcing the North Carolina order, pursuant to Section 1008(a) of California code of civil procedure, replay for Summary Judgment Motion, relief of all orders in violation of law, Fraud Upon the Court, Fraud in the Court, Grant relief of all orders under 28 U.S.C § 1655 and Set Aside For Fraud on the court. ( *On the night of Summary Judgment Motion Hearing and even request for sanction was order ).*

( 4 ) Trial court *granted Summary Judgement Motion to Appellee, Even after Appellant filed for New Claims, and Request to transfer the case to Guam District Court.* The trial court erred from granting Summary Judgment Motion to Appellee even by saying what was in his complaint *( Against Rule 50 ).*

*At any time as a defendant, Appellant has the right to remove his case to Guam District Court.* Once the case has been removed from State To Federal, *The State Court no longer has jurisdiction over the matter*

( 5 ) *Unrecognized motion To Transfer To Guam District Court and Rule 59* ( which was filed within 10 days after granting *Summary Judgment Motion.)*

( 6 ) *Enforcement Bad Judgment and Levi prior to the ruling from Guam District Court and the resolution of Rule 59.*

( 7 ) Denial Appellant's Motions for *Rule 69 (b), Set Aside Judgment, and Rule 54(2)* on Jan 14, 2020, before the hearing ( *No Oral Argument ).*

( 8 ) The trial court on her *Post Judgement Order, claimed that motion to transfer to Guam District Court wasn't True.*

( 9 ) *Negligence about Rule 54 ( 2 ) and Statue of limitation.*

10

( 10 ) Requesting for remote hearing without *any agenda twice* ( on June 3, 2020, and July 29, 2020).

{ n } **Abuse of Discretion at Guam Supreme Court**

**First Appeal** # CVA 20-002

( 1 ) Dismissing the appeal on **Summary Judgment Motion against Rule 3( c ) (3 )**

**( The time for filing a notice of appeal is tolled if Rule 59 is filed )**

Leader Nat' l Ins. Co v. Indus. Ins.Co { 9th Cir 1994 ); Tripati v. Henman { 9th Cir 1988 }

( 2 ) After five months the court strike the appellant opening briefing ( Even after the appellant asked for **Motion-Petition For Consolidation and Transfer to The Ninth Circuit Court of Appeal. ( Omitted Citation ) .( No Transcript was ordered and missing appellant's supplemental expert of record and grant sanction.)**

( 3 ) Appellant was **pursuant to circuit Rule 30-1. The Expert of Record. No experts required for Pro Se Party.** Counsel for appellee must file supplemental experts of record that contain all the documents that are cited in the pro se **opening brief ( Page 8 of the opening brief ).**

( 4 ) **No Transcript was available because the trial court made her ruling prior to the hearing ( The Appeal never been dismissed in The Merit )**

( 5 ) On Dec 14, 2020, The court **dismissed** the appellant appeal ( fail to file a compliant brief and Appellant Supplemental Expert of Record)

**( Up Till now appellant had never been served with such order )**

( 6 )**Denies Appellant Motion To Strike the entire Appellee Opening Brief ( Appellee missed the due date apply for an extension from default.**

According to **Rule 8.212 (b)** of the California Court of Appeal. **Any party need not apply for an extension or relief from default.**

11

( 7 ) Even Appellee filed for *a Second Request of Extension ( The reason was an excess of surprise client demands and deadlines for work on unexpected fast schedules! )* by phone and Email which was granted by the court. *According to GRAP17 ( C ) (1 ) To grant an extension of time under this rule will bar any further motion to extend the brief's due date unless such a motion which filed in writing, demonstrate extraordinary and compelling circumstances. )*

*Second Appeal* #CVA 20-016

( 8 ) Appellee tried for dismissal of the appellant appeal 1st on *Lacking Of Jurisdiction Statement* and 2nd *of not paying The Docket fee!!*

( 9 ) As usual the appellee *unrecognized the statement of jurisdiction which was included within the Notice Of The Appeal ( approved by the court ).*

( 10 ) Court order for schedule *The Opening Briefs. After the appellant docketed the appellant opening brief and the appellant's supplemental expert of records. Appellee filed multiple frivolous meanless motions of strike request for extension of time motion to dismiss and stay which was granted by the court.*

( 11 ) As far appellant's knowledge, *If the appellant filed for Motion of Reconsideration the motion was supposed to be run by a different panel of judges ( 3 of them from U.S.District of Guam if Appeals of question involving U.S Constitution or Federal laws or treaties ) ( Not To Be Dismissed at Clerk level ). Appellant filed a petition To Set Aside Judgement, Reconsideration and Review by the Ninth Circuit at both The Ninth Circuit Court of Appeal and Guam Supreme Court.*

{ o } *Abuse of Discretion At Guam District Court.*

( 1 ) *Defendant-Appellant Sherif A.Philips, MD* is the residence of Guam for almost 14 years, But his permanent address ( *State of Domicile* )is *St. Petersburg Florida ( As recognized by the court definition ) The Disputed amount was over $ 75,000.*

12

( 2 ) If the court considers a natural person's state citizenship is... determined by determined by her state of **_Domicile not her state of residence. And A person's domicile is her permanent home, where she resides intending to remain or to which she intends to return._**

( 3 )So Appellant Sherif A.Philips, MD, **_permanent address ( Domicile ) is St.Petersburg Florida. ( Public Record )._**

Diversity Jurisdiction is reviewable de Novo ( Dep't of Fair Employment & Housing v. LucentTechs, Inc. 642 F.3d 728 .736 ( 9th Cir.2011 ) Kroske v. U.S Bank Corp. 432 F. 3d 976, 979 ( 9th Cir.)

( 4 ) The trial court decision to remand a removal case is reviewed de novo

( Patal v, Del Tack. Inc.446 F.3d 996.998 ( 9th Cir.2006;%); Nebraska ex rel.Dep't of Soc. Serve v. Benton 146 F.3d 676.678 ( 9th Cir.1998 ); Crawford Country Homeowner Ass'n v. Delta Say & loan 77 F. 3d 1163. 1165 ( 9th Cir 1996 )

57- It is also clear that the courts of appeal have the power to review by **_mandamus a transfer order_** under their general supervisory control of actions of the district court. However, it may also, be possible to review a discord court decision pursuant to **_The interlocutory Appeal Act of 1958._** The appellant's case **_was transferred to a district that had proper jurisdiction and venue._**

( Miller v. French 530 U.S.327.329 ( 2000 ); Johnson v. Reilly. 349 F.3d 1154 ( 9th Cir.2003 ) Miller v. Grammies. 335 F.3d 889,895 ( 9th Cir.2003 )( en banc ); Kildare v. Saenz.329F3d 1078 1081-83 ( 9th Cir.2003 ) Tucson Airport Auth v. General Dynamics Corp. 136 F.3d 641.648( 9thCir.1998 ); In re Morris, 363 F.3d 891-92 ( 9th Cir. 2004 )

58-The court was neglecting about Appellant filed for *__Motion, Petition For consolidation and transfer in The United States Court of Appeal For The Ninth Circuit at Guam Superior Court On July 30, 2020. Pursuant To 28 U.S.C Section 1407, Rule 42(a) and 28 U.S.C Section 1404 (a).__*

59-According to *__Rule 42 (a) The Consolidation actions involved a common question of law or facts ( Federal Court Claims and Complete Diversity Jurisdiction and Transferred was done under Section 1404 ( a ) and Section 1407__* ( Gulf Oil Corp v. Gilbert ( U.S Supreme decision ).

60-*__The transfer was brought for the interest of justice, the familiarity of the forum with law and avoidance of conflict of law. (Now the appellant case Under The 9th Cir Jurisdiction - Nothing pending at Guam State Courts.)__*

This **Transfer was appropriate for the interest of Justice.**

( Cruz - Aguilera v. I.N.S,245 F3. 1070 - 1074 ( 9th Cir. 2001 ) ( Transfer defendant case from the Pitt County favorite court ( rendered favorable decision ).

61-The district court was aware of *__The Rooker Feldman Doctrine__* in both United State Supreme Court and The Ninth Circuit.

62- Court apply The Rooker Feldman Doctrine when the following factors are present

( 1 ) The plaintiff seeking a bring a claim in the federal district has already lost on that claim the state court.

( 2 ) The plaintiff is complaining that the state court judge caused him some sort of injury or harm.

( 3 ) The plaintiff is asking the federal district court to review and overturn state judgment.

( 4 ) The State Court finalized the decision on the claim before a district court judgment began its own proceeding

( Exxon Mobil Corp. v. Saudi Basic Industries Corp, 544 U.S 280 ( 2005 ); Manufacture Home Communities Inc, v. City of San Jose 420 F.3d 1022,1025 ( 9th Cir.2008); Schwarzennegger v.

14

Fred Martin Motor Co., 374 F.3d 797,800 ( 9th Cir.2004 ); Action Embriodier Corp. v. Atlantic Embroidery, Inc.368 F.3d 1174,1177 ( 9th Cir.2004 ); Maldonado, 370 F.3d at 949; Kougasian v. TMSL, Inc. 359 F.3d 1136,1139 ( 9th Cir.2004); Bianchi v. Rylaaradam, 334 F.3d 895.898( 9th Cir.2003 )

63-The *Rooker-Feldman Doctrine gives only the authority to review final judgments of a State Court in a judicial proceeding only by U.S Supreme Court and Unite State Court of Appeals For Federal Circuit.) ( Appellant filed such doctrine in both United State Supreme Court and the Ninth Circuit ).*

64- A pertinent case involving *The Rooker- Feldman Doctrine and the automatic stay*
( Singleton v. Fifth Third Bank of Western Ohio; Marrow v. Torrance Bank )

65- The federal court must analyze whether the relief requested in the federal action would effectively reserve the state court decision or void its ruling.

66- Failure to obtain substantial justice at Guam District Court lead to file the 1st appeal at the Ninth Circuit.No. { 19-17313 }

( A ) The court *erred from unrecognized Personal Jurisdiction.* The Supreme Court set forth test to determine whether a particular person has established minimum contacts with that state.

*Continuous Systemic contacts and related lawsuits Jurisdiction* is permissible when the defendant's activity in the forum is continuous and systematic and

*the cause of action is related to that activity.*

( 1 ) PCMH through their lawyer forward privileged material to Guan Memorial Hospital to *block the hiring appellant. ( fraudulent allegation of Medicare Fraud )*

( 2 ) PCMH through their lawyers got in touch with *The PDN ( Guam Newspaper )* to *ruin the plaintiff's reputation*

( 3 ) Appellee was asking for his entire legal fees in Guam Superior Court for *one claim never been argued.*

15

( B ) Failure to recognize plaintiff's case **_removal from Guam Superior Court. Within 7 days after Guam Superior Court mishandled Federal claims and enforce sanctions! Appellant requested for transfer pursuant to 28 U.S.C 1446 (b)( c ) ( 1)_**

( An exception applied if Diversity Jurisdiction conferred by Section 28 U.S.C 1332, thus the removal is lacking time of the initial pleading in state court but becomes available within year after initiation of the suit and within 30 days from order served to defendant make defendant case is removable )

( C )The court looked agreeable about **_Appellee lawyer misconduct (_** calling the security guard on the appellant and want to lock appellant up at motion to dismiss hearing )

**_The Ninth Circuit affirmed the Guam District Court ruling on Lack of Personal Jurisdiction and unrecognized the transfer & consolidation. ( Not on the Merit )._**

## Conclusion

**_For the above forgoing reason, Plaintiff- Appellant asked the court to accept his Motion - Petition_**

**_Plaintiff -Appellant is willing to pay any docking fees._**

Best Regards

Yours

*[signature]* 11/9/21

Sherif A.Philips, MD

1406 North Marine Corps Drive
Upper Tumon, GU 969313
671-6897611
sherifap@aol.com

16